1

2

3

4

5

6

7



8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

ARTURO ESTRADA,                    )  NO. CV 09-2079 DDP (SS)
                                   )
                Plaintiff,         )
                                   )  **MEMORANDUM AND ORDER DISMISSING**
        v.                         )
                                   )  **COMPLAINT WITH LEAVE TO AMEND**
MIGUEL MUNOZ, et al.,              )
                                   )
                Defendants.        )
_____)

Plaintiff, a state prisoner proceeding <u>pro se</u>, filed a Complaint pursuant to 42 U.S.C. § 1983 (the "Complaint") on November 6, 2009 against Miguel Munoz, a Riverside County deputy sheriff; the County of Riverside; the Riverside County Sheriff's Department ("RCSD"); and the Riverside County District Attorney.  For the reasons stated below, the Complaint is dismissed with leave to amend.

Congress has mandated that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee.  28 U.S.C. § 1915A(a).  This Court may dismiss such a complaint, or any portions thereof, before

service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b); see also Lopez v. Smith, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff claims that Deputy Munoz intercepted Plaintiff's legal and personal mail while Plaintiff was held at the Robert Presley Detention Center in Riverside, California.  Deputy Munoz then allegedly shared the mail with the Riverside County District Attorney, who used its contents in Plaintiff's prosecution.  Deputy Munoz also allegedly used the mail for his own benefit in a dispute over custody of his daughter.  (See Complaint at 5 & exh. A at 4-7).

Plaintiff asks for money damages; an order requiring disclosure of misuse of the mail; a "finding of wrong doing by each of the defendants"; retrial or dismissal of the criminal charges against him; an investigation of Defendants practices regarding prisoner mail; and such other relief as the Court deems just and proper.  (Id. at 6).

## DISCUSSION

Under 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's Complaint due to multiple defects in pleading.  Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be

2

cured by amendment.  Lopez, 203 F.3d at 1127-29; see also Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). Accordingly, the Court grants Plaintiff leave to amend, as indicated below.[1]

## A.   Plaintiff's Claim Is Barred By The Doctrine Set Forth In Heck v. Humphrey

In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  A claim for damages bearing that relationship to a

//
//
//
//

---

[1]  Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge.  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

3

1    conviction or sentence that has <u>not</u> been so invalidated is not

2    cognizable under § 1983.

4    <u>Id.</u> at 486-87 (footnote and citation omitted).

6         Under <u>Heck</u>, a Section 1983 complaint must be dismissed if judgment

7    in favor of the plaintiff would undermine the validity of his conviction

8    or sentence, unless the plaintiff can demonstrate that the conviction or

9    sentence has already been invalidated.  <u>Id.</u> at 487; <u>see also</u> <u>Harvey v.</u>

10   <u>Waldron</u>, 210 F.3d 1008, 1013 (9th Cir. 2000).  Conversely, as the <u>Heck</u>

11   Court observed, when "the plaintiff's action, even if successful, will

12   <u>not</u> demonstrate the invalidity of any outstanding criminal judgment

13   against the plaintiff, the action should be allowed to proceed, in the

14   absence of some other bar to the suit."  <u>Heck</u>, 512 U.S. at 487 (footnote

15   omitted); <u>see also</u> <u>Ove v. Gwinn</u>, 264 F.3d 817, 822 (9th Cir. 2001)

16   (quoting <u>Heck</u>).

18        Here, there is no showing by Plaintiff that the conviction which

19   resulted in his incarceration was either invalidated or overturned.

20   Indeed, Plaintiff's request that the criminal charges against him be

21   retried or dismissed indicates that his conviction is still valid.  As

22   such, his claim that Defendants actively misused or allowed the misuse

23   of his mail in order to procure his conviction appears to be barred by

24   the doctrine announced in <u>Heck</u>.  This claim is therefore dismissed, with

25   leave to amend.  In any amended complaint, Plaintiff is advised to

26   consider the <u>Heck</u> doctrine if he chooses to plead claims that implicate

27   the validity of his conviction and current incarceration.  The proper

28   vehicle for such a challenge is generally a habeas action and not a

4

civil rights complaint under Section 1983.  <u>See</u> <u>Hill v. McDonough</u>, 547 U.S. 573, 579, 126 S. Ct. 2096, 165 L. Ed. 2d 44 (2006) (quoting <u>Muhammad v. Close</u>, 540 U.S. 749, 750, 124 S. Ct. 1303, 158 L. Ed. 2d 32 (2004) (per curiam)).  Plaintiff is further advised that a plaintiff may request, and a court may award, monetary, declaratory, or injunctive relief in a Section 1983 case.  <u>See, e.g.</u>, <u>Anderson v. Warner</u>, 451 F.3d 1063, 1070 (9th Cir. 2006).  TO the extent that Plaintiff requests any other type of relief, the Court is without authority to grant it in a case under Section 1983.

**B.    <u>Plaintiff Fails To State A Claim Against A Municipal Entity</u>**

The Complaint names the County and the RCSD as defendants. (Complaint at 1, 3).  When an individual sues a local government for violation of his constitutional rights, the municipality is liable if the individual can establish that the local government "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered." <u>Galen v. County of Los Angeles</u>, 477 F.3d 652, 667 (9th Cir. 2007) (quoting <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 694-95, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). In <u>Monell</u>, however, the Supreme Court specifically rejected governmental liability based on the doctrine of <u>respondeat</u> <u>superior</u>.  <u>Monell</u>, 436 U.S. at 691-94.

Here, Plaintiff alleges that the County and the RCSD are subject to liability because they "allowed [their] employee, a Deputy Sheriff, to use his authority to intercept [Plaintiff's] personal and legal mail from jail." Plaintiff identifies no specific policy that caused the

1   alleged violation.   Insofar as Plaintiff is suing  municipal entities,

2   he  must  identify  some  official  municipal  policy  that  violated his

3   constitutional rights.   Monell, 436 U.S. at 690-91; Christie v. Iopa,

4   176 F.3d 1231, 1235 (9th Cir. 1999).   Plaintiff is granted leave to do

5   so.   Accordingly, the Complaint is dismissed with leave to amend.

6

7   **C.    The Riverside County District Attorney Is Immune From Suit**

8

9        Plaintiff has named the Riverside County District Attorney as a

10  defendant, asserting that he knowingly received mail protected by the

11  attorney-client privilege "and used the contents of that privileged

12  communication to prosecute [Plaintiff]."   However, a prosecutor is

13  entitled  to  absolute  immunity  under  Section  1983  for  conduct

14  "intimately associated with the judicial phase of the criminal process,"

15  (Imbler v. Pachtman, 424 U.S. 409, 431, 47 L. Ed. 2d 128, 96 S. Ct. 984

16  (1976)) and "occur[ing] in the course of his role as an advocate for the

17  State" (Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S. Ct. 2606, 125

18  L. Ed. 2d 209 (1993)).   Thus, the claim against the district attorney

19  appears to be barred by prosecutorial immunity and is dismissed with

20  leave to amend.

21

22        **D.    Plaintiff's Claim Appears To Be Time-Barred**

23

24        The statute of limitations for Section 1983 claims in California is

25  two years.   See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).

26  Additionally, "California's equitable tolling doctrine operates to toll

27  a statute of limitations for a claim asserted by a continuously confined

28  civil detainee who has pursued his claim in good faith."   Id. at 930.

1   Tolling is available for a period of up to two years. <u>Id.</u> at 927. "A
2   statute of limitations under [Section] 1983 . . . begins to run when the
3   cause of action accrues, which is when the plaintiffs know or have
4   reason to know of the injury that is the basis of their action." <u>RK</u>
5   <u>Ventures, Inc. V. City of Seattle</u>, 307 F.3d 1045, 1058 (9th Cir. 2002).
6
7       Plaintiff claims the conduct giving rise to this action occurred
8   between December 1, 2002 and February 28, 2004.   (Complaint at 3, 5).
9   If the cause of action accrued on the latest of those dates and if
10  Plaintiff is entitled to tolling, the limitations period ended on
11  February 28, 2008.  Plaintiff did not file this action until November 6,
12  2009.   Thus, the action appears to be time-barred.
13
14      Plaintiff asserts that he did not discover Defendants' actions
15  until April 2009.   (<u>See</u> Complaint at 5).   However, a declaration
16  attached to the Complaint indicates that Plaintiff's defense attorney
17  may have had reason to know of such actions during Plaintiff's trial in
18  2004 or soon after.   (<u>See</u> Complaint, exh. A at 2-3).   Two other
19  declarations–one by a party in the custody matter in which the mail was
20  allegedly used; and one by that party's attorney in the custody
21  matter–indicate that the declarants knew of Deputy Munoz's conduct in
22  early 2004.   (<u>See id.</u>, exh. A at 4-7).   If Plaintiff chooses to amend
23  the Complaint, he is advised to consider this statute of limitations
24  issue.
25  //
26  //
27  //
28  //

1

**CONCLUSION**

2

3      If Plaintiff still wishes to pursue this action, he is granted
4 thirty (30) days from the date of this Memorandum and Order within which
5 to file a First Amended Complaint, curing the defects in the Complaint
6 described above.  The First Amended Complaint, if any, shall be complete
7 in itself and shall bear both the designation "First Amended Complaint"
8 and the case number assigned to this action.  It shall not refer in any
9 manner to the original Complaint.  The caption of any Amended Complaint
10 must identify all parties that Plaintiff is suing.  Each page of the
11 First Amended Complaint must be consecutively numbered.

12

13      In any amended complaint, Plaintiff should confine his allegations
14 to those operative facts supporting each of his claims.  Plaintiff is
15 advised that pursuant to Federal Rule of Civil Procedure 8(a), all that
16 is required is a "short and plain statement of the claim showing that
17 the pleader is entitled to relief."  Plaintiff is strongly encouraged to
18 utilize the standard civil rights complaint form when filing any amended
19 complaint, a copy of which is attached.  Plaintiff should make clear
20 which defendant committed a particular act of misconduct.  Individuals
21 who have not engaged in any alleged misconduct should not be named as
22 defendants.  It is not necessary for Plaintiff to cite case law or
23 include legal argument.  Moreover, irrelevant exhibits or other
24 extraneous documents are not necessary for Plaintiff to include with his
25 complaint.

26

27      Plaintiff is explicitly cautioned that failure to timely file a
28 First Amended Complaint, or failure to correct the deficiencies

1  described above, will result in a recommendation that this action be
2  dismissed for failure to prosecute pursuant to Federal Rule of Civil
3  Procedure 41(b).  Plaintiff is further advised that, if he does not wish
4  to pursue this action, he may voluntarily dismiss it by filing a notice
5  of dismissal in accordance with Federal Rule of Civil Procedure
6  41(a)(1).  A sample notice is attached to this order as well.

7  ~Dec. 1, 2009~

8  DATED: ~November 30, 2009~

9

10                                    SUZANNE H. SEGAL
                                      UNITED STATES MAGISTRATE JUDGE

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

9

FULL NAME

COMMITTED NAME (if different)

FULL ADDRESS INCLUDING NAME OF INSTITUTION

PRISON NUMBER (if applicable)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| PLAINTIFF, | _To be supplied by the Clerk_ |
| v. | **CIVIL RIGHTS COMPLAINT** |
| DEFENDANT(S). | **PURSUANT TO** _(Check one)_ |
| | ☐ 42 U.S.C. § 1983 |
| | ☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971) |

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes   ☐ No

2. If your answer to "1." is yes, how many? _____

    Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a.  Parties to this previous lawsuit:
Plaintiff _____

_____

Defendants _____

_____

b.  Court _____

_____

c.  Docket or case number _____

d.  Name of judge to whom case was assigned _____

e.  Disposition (For example: Was the case dismissed?  If so, what was the basis for dismissal?  Was it

appealed?  Is it still pending?) _____

f.  Issues raised: _____

_____

_____

g.  Approximate date of filing lawsuit: _____

h.  Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Is there a grievance procedure available at the institution where the events relating to your current complaint
occurred?  ☐ Yes    ☐ No

2.  Have you filed a grievance concerning the facts relating to your current complaint?  ☐ Yes     ☐ No

If your answer is no, explain why not _____

_____

_____

3.  Is the grievance procedure completed?  ☐ Yes    ☐ No

If your answer is no, explain why not _____

_____

4.  Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff _____

(print plaintiff's name)

who presently resides at _____,

(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____

(institution/city where violation occurred)

on (date or dates) _____ , _____ , _____ .
                        (Claim I)                (Claim II)                (Claim III)

**NOTE:**   You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.   Defendant _____ resides or works at
                    (full name of first defendant)

        _____
         (full address of first defendant)

        _____
         (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

     Explain how this defendant was acting under color of law:

     _____

     _____

2.   Defendant _____ resides or works at
                    (full name of first defendant)

        _____
         (full address of first defendant)

        _____
         (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

     Explain how this defendant was acting under color of law:

     _____

     _____

3.   Defendant _____ resides or works at
                    (full name of first defendant)

        _____
         (full address of first defendant)

        _____
         (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

     Explain how this defendant was acting under color of law:

     _____

     _____

4.  Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

5.  Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

**D. CLAIMS***

**CLAIM I**

The following civil right has been violated:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

_____    _____
            *(Date)*                                *(Signature of Plaintiff)*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  | CASE NUMBER |
|---|---|
| Plaintiff(s), | |
| v. | **NOTICE OF DISMISSAL PURSUANT RULE 41(a) or (c) F.R.Civ.P.** |
| Defendant(s). | |

PLEASE TAKE NOTICE: (*Check one*)

☐ This action is dismissed by the Plaintiff(s) in its entirety.

☐ The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐ The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ **ONLY** Defendant(s) _____

is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____.

The dismissal is made pursuant to Rule 41(a) or (c) of the Federal Rules of Civil Procedure.

_____          _____
        *Date*                  *Signature of Attorney/Party*

**NOTE: *F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.***

    ***F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.***