**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ARTURO ESTRADA, | ) | NO. EDCV 09-2079 DDP (SS) |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM AND ORDER DISMISSING** |
| MIGUEL MUNOZ, et al., | ) | **FIRST AMENDED COMPLAINT WITH** |
| Defendants. | ) | **LEAVE TO AMEND** |

   Plaintiff, a state prisoner proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983 (the "Complaint") on November 6, 2009 against Miguel Munoz, a Riverside County deputy sheriff; the County of Riverside; the Riverside County Sheriff's Department; and the Riverside County District Attorney. On December 1, 2009, the Court dismissed the Complaint with leave to amend. On February 4, 2010, Plaintiff filed a First Amended Complaint (or "FAC"), accompanied by a Supplemental Pleading ("FAC Supp.") and five Exhibits, against Munoz and Stanley Sniff, Riverside County's Sheriff-Coroner. For the reasons stated below, the First Amended Complaint is dismissed with leave to amend.

Congress has mandated that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portions thereof, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); see also Lopez v. Smith, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

## ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

Plaintiff claims that Defendant Munoz intercepted Plaintiff's legal and personal mail while Plaintiff was held at the Robert Presley Detention Center in Riverside, California. Defendant Munoz then allegedly used the mail for his own benefit in a dispute over custody of his daughter. (See FAC at 3, 5; FAC Supp. at 3; FAC, Exhs. B, D). Some of this mail was "forever withheld and never reached its intended recipient."[1] (FAC at 5). Plaintiff further claims that Defendant Sniff has a "policy of allowing unauthorized persons access to the mail . . . of . . . jail inmate-detainees." (Id.; see also FAC Supp. at 3-4).

Plaintiff claims the interference with his mail violated his Sixth Amendment right to counsel, his right to privacy, and his Fifth and

---

[1] Plaintiff includes an allegation that Defendant Munoz "may have also shared . . . personal and confidential legal mail with other[] persons and agencies, whose identities are unknown," but does not include any specific allegations regarding this charge. (See FAC at 5).

Fourteenth Amendment rights. (See FAC at 5; FAC Supp. at 3). He asks for money damages, as well as declaratory and injunctive relief. (FAC at 6).

## DISCUSSION

Under 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's First Amended Complaint due to multiple defects in pleading. Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. Lopez, 203 F.3d at 1127-29; see also Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). Accordingly, the Court grants Plaintiff leave to amend, as indicated below.[2]

**A.  Plaintiff's Claim Is Barred By The Doctrine Set Forth In Heck v. Humphrey**

In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction

---

[2] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

      or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87 (footnote and citation omitted).

Under Heck, a § 1983 complaint must be dismissed if judgment in favor of the plaintiff would undermine the validity of his conviction or sentence, unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id. at 487; see also Harvey v. Waldron, 210 F.3d 1008, 1013 (9th Cir. 2000). Conversely, as the Heck Court observed, when "the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." Heck, 512 U.S. at 487 (footnote omitted); see also Ove v. Gwinn, 264 F.3d 817, 822 (9th Cir. 2001) (quoting Heck).

In Plaintiff's original Complaint, in addition to the claim that Defendant Munoz used Plaintiff's mail in a custody dispute, Plaintiff also claimed that Defendant Munoz shared Plaintiff's legal mail with the District Attorney, who used information from the correspondence in Plaintiff's criminal trial. (Complaint at 5). He asked that the criminal charges against him be retried or dismissed. (Id. at 6). In his First

4

Amended Complaint, he drops that allegation and that particular request for relief. However, it appears that Plaintiff is attempting to artfully plead his claim in order to circumvent the Heck bar and to avoid bringing his claim in a habeas petition. See Amin v. Pruett, 930 F. Supp 1121, 1125 (E.D. Va. 1996) (noting that a prisoner may not avoid the Heck bar merely by artful pleading); see also Butler v. Compton, 482 F.3d 1277, 1280 (10th Cir. 2007) (noting "the purpose behind Heck" is to prohibit "attempt[s] . . . to avoid the pleading requirements of habeas").

Plaintiff indicates that the interference with his mail violated his right to counsel, but does not clarify a specific injury to that right. (FAC at 5). The Court is thus left to speculate that the alleged interference with and withholding of Plaintiff's legal mail prior to his criminal trial affected his communication with trial counsel and interfered with the preparation of his defense. The Supreme Court has recognized that "to deprive a person of counsel during the period prior to trial may be more damaging than denial of counsel during trial itself." Maine v. Molton, 474 U.S. 159, 170, 106 S. Ct. 477, 88 L. Ed. 2d 481 (1985); see also Wolfish v. Levi, 573 F.2d 118, 133 (2d Cir. 1978) ("[O]ne of the most serious deprivations suffered by a pretrial detainee is the curtailment of his ability to assist in his own defense."), rev'd on other grounds, Bell v. Wolfish, 441 U.S. 520, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979). Were Plaintiff to succeed on a constitutional claim that his right to counsel was violated, it would "necessarily impl[y] the invalidity of his conviction."[3] See Heck, 512 U.S. at 487. Therefore,

---

[3] The Court recognizes that the Ninth Circuit has held that Heck does not bar a § 1983 claim that merely seeks to "set the stage" for an attack on the underlying conviction. See Osborne v. Dist. Attorney's

Plaintiff may not bring a cause of action under § 1983 for such a claim. See id. at 489. Rather, such a claim should be properly brought in a petition for a writ of habeas corpus. Plaintiff is given leave to amend, however, to correct this deficiency, if correction is possible. However, the Court admonishes Plaintiff that any further attempts to "artfully plead" around the Heck bar will subject the complaint to dismissal.

**B.    Plaintiff's Claims For Damages Due To Emotional Distress Are Barred By The Prison Litigation Reform Act**

The Prison Litigation Reform Act ("PLRA") prohibits an action by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff asserts that the actions of Defendant Sniff caused him "emotional, mental, and other injuries," and that he suffers "injuries in the form of . . . shame, humiliation, emotional distress, embarrassment, mental distress and other injuries." (FAC Supp. at 4). Plaintiff has not alleged any physical injury, however, while he was in custody. Thus, to the extent that Plaintiff seeks emotional or mental distress damages resulting from the alleged violations, the claims appear to be barred by 42 U.S.C. § 1997e(e). Plaintiff may amend his complaint to correct this deficiency.

---

Office for Third Judicial Dist., 423 F.3d 1050, 1051 (9th Cir. 2005). That is not the case here, however, because success on Plaintiff's denial of counsel claim would necessarily imply the invalidity of his conviction.

6

**C.     Plaintiff Failed To Exhaust His Administrative Remedies**

Pursuant to the PLRA, a prisoner must exhaust all available administrative remedies before bringing an action with respect to prison conditions under § 1983. 42 U.S.C. § 1997e(a). The purpose of the exhaustion requirement is to "afford . . . officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Porter v. Nussle, 534 U.S. 516, 524-25, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002).

Plaintiff asserts that "no grievance procedure [was] available to [him] for this matter." (Complaint at 2). He asserts that he exhausted his administrative remedies by filing a claim for damages with the County of Riverside. (FAC Supp. at 6; FAC Exh. A). Plaintiff is, however, mistaken. The Riverside County Sheriff's Department has a complaint procedure which states that "complaints concerning Department policies, programs and personnel" should be made to "any employee of the Department." Riverside County Sheriff's Department, Complaint Procedure, http://www.riversidesheriff.org/info/complaintinfo.htm. The complaint is then reviewed by the Sheriff's Administrative Staff and a disposition made by the Sheriff. See id. Plaintiff did not engage in this procedure, and thus did not afford the Sheriff's Department "time and opportunity to address complaints internally." Porter, 534 U.S. at 524-25. Thus, he appears to have failed to exhaust his administrative remedies.[4] The Court

---

[4] The Court notes that, although exhaustion is mandatory under the PLRA, a plaintiff is not required "to plead and demonstrate exhaustion in the complaint." Jones v. Bock, 549 U.S. 199, 211-12, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). Rather, failure to exhaust is an affirmative

does not dismiss the complaint at this time on exhaustion grounds. However, Plaintiff should be aware that, if he has failed to exhaust available administrative remedies, the action may be subject to dismissal should Defendants chose to assert this affirmative defense.

## CONCLUSION

If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Memorandum and Order within which to file a Second Amended Complaint, curing the defects in the First Amended Complaint described above. The Second Amended Complaint, if any, shall be complete in itself and shall bear both the designation "Second Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the previous complaints. The caption of any amended complaint must identify all parties that Plaintiff is suing. Each page of the Second Amended Complaint must be consecutively numbered.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached. Plaintiff should make clear which defendant committed a particular act of misconduct. Individuals who have

---

defense which the defendant has the "burden of raising and proving." <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 315 F.3d 1108, 1119 (9th Cir. 2003).

8

1  not engaged in any alleged misconduct should not be named as defendants.
2  It is not necessary for Plaintiff to cite case law or include legal
3  argument. Moreover, irrelevant exhibits or other extraneous documents are
4  not necessary for Plaintiff to include with his complaint.

6    Plaintiff is explicitly cautioned that failure to timely file a
7  Second Amended Complaint, or failure to correct the deficiencies described
8  above, will result in a recommendation that this action be dismissed for
9  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).
10 Plaintiff is further advised that, if he does not wish to pursue this
11 action, he may voluntarily dismiss it by filing a notice of dismissal in
12 accordance with Federal Rule of Civil Procedure 41(a)(1).  A sample notice
13 is attached to this order as well.

15 DATED: May 17, 2010                           **/S/**

                                    _____
                                           SUZANNE H. SEGAL
                                    UNITED STATES MAGISTRATE JUDGE

9