**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARTURO ESTRADA,<br><br>        Plaintiff,<br><br>    v.<br><br>MIGUEL MUNOZ, ET AL.,<br><br>        Defendants. | NO. EDCV 09-02079 DDP (SS)<br><br>**REPORT AND RECOMMENDATION OF**<br><br>**UNITED STATES MAGISTRATE JUDGE** |

This Report and Recommendation is submitted to the Honorable Dean D. Pregerson, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**I.**

**INTRODUCTION**

Arturo Estrada ("Plaintiff"), a state prisoner proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983 (the "Complaint") on November 6, 2009. On December 1, 2009, the Court dismissed the

Complaint with leave to amend and granted Plaintiff thirty days to file a First Amended Complaint.[1] On February 4, 2010, Plaintiff filed a First Amended Complaint (or "FAC"), accompanied by a Supplemental Pleading ("FAC Supp.") and five Exhibits.  On May 17, 2010, the Court dismissed the First Amended Complaint with leave to amend and granted Plaintiff thirty days to file a Second Amended Complaint.  As of today, Plaintiff has not filed a Second Amended Complaint.  It is therefore recommended that this action be dismissed with prejudice for failure to prosecute.

## II.

## BACKGROUND

Plaintiff's First Amended Complaint named as Defendants Miguel Munoz, a Riverside County deputy sheriff, and Stanley Sniff, Riverside County's Sheriff-Coroner.  Plaintiff claimed that Defendant Munoz intercepted Plaintiff's legal and personal mail while Plaintiff was held at the Robert Presley Detention Center in Riverside, California.  Defendant Munoz then allegedly used the mail for his own benefit in a

---

[1] The Court issued a Report and Recommendation on January 28, 2010, recommending dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) because Plaintiff had not timely filed a First Amended Complaint.  On that same date, Plaintiff filed an Application for Extension of Time to File First Amended Complaint stating that on January 11, 2010, he had first received the Court's December 1, 2009 Order dismissing the Complaint with leave to amend and a later Order <u>sua sponte</u> extending time to respond to the December 1, 2010 Order.  The Court therefore vacated the January 28, 2010 Report and Recommendation and granted Plaintiff until February 8, 2010 to file his First Amended Complaint.  However, after the First Amended Complaint was filed, the Court again dismissed the complaint with leave to amend, for various pleading deficiencies.  Plaintiff then failed to file a Second Amended Complaint.

dispute over custody of his daughter. (See FAC at 3, 5; FAC Supp. at 3; FAC, Exhs. B, D). Some of this mail was "forever withheld and never reached its intended recipient."[2] (FAC at 5). Plaintiff further claimed that Defendant Sniff has a "policy of allowing unauthorized persons access to the mail . . . of . . . jail inmate-detainees." (Id.; see also FAC Supp. at 3-4). Plaintiff claimed the interference with his mail violated his Sixth Amendment right to counsel, his right to privacy, and his Fifth and Fourteenth Amendment rights. (See FAC at 5; FAC Supp. at 3). He asked for money damages, including damages for emotional distress, as well as declaratory and injunctive relief. (FAC at 6; FAC Supp. at 4).

On May 17, 2010, pursuant to the congressionally mandated screening of civil actions brought by prisoners seeking redress from governmental entities or employees, see 28 U.S.C. § 1915A(a), the Court issued an Order Dismissing the First Amended Complaint with Leave to Amend. In this initial screening, the Court found that some of Plaintiff's claims were barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). It further found that Plaintiff's claims for damages due to emotional distress were barred by the Prison Litigation Reform Act ("PLRA").[3] The Court granted Plaintiff thirty days leave to amend. At the same time, the Court cautioned Plaintiff that the failure to

---

[2] Plaintiff included an allegation that Defendant Munoz "may have also shared . . . personal and confidential legal mail with other[] persons and agencies, whose identities are unknown," but did not include any specific allegations regarding this charge. (See FAC at 5).

[3] The Court also noted that Plaintiff had apparently failed to exhaust his administrative remedies, but did not dismiss the First Amended Complaint on that ground.

3

timely file a Second Amended Complaint would result in a recommendation that his action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). To date, Plaintiff has failed to file a Second Amended Complaint or otherwise communicate with the Court. As such, dismissal is recommended.

## III.

## DISCUSSION

**Plaintiff's Action Should Be Dismissed For Failure To Prosecute**

Federal Rule of Civil Procedure 41(b) grants district courts the authority to dismiss actions <u>sua sponte</u> for failure to prosecute or to comply with court orders. <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Dismissal, however, is a harsh penalty and is to be imposed only in extreme circumstances. <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986) (citing <u>Raiford v. Pounds</u>, 640 F.2d 944, 945 (9th Cir. 1981) (per curiam)). In considering whether to dismiss an action for failure to prosecute or to comply with a court order, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." <u>Pagtalunan v. Galaza</u>, 291 F.3d

639, 642 (9th Cir. 2002) (citing <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

    **1.    The Five Factors Supporting Dismissal**

        **a.    Expeditious Resolution And The Court's Need To Manage Its Docket**

In the instant action, the first two factors - public interest in expeditious resolution of litigation and the need to manage the Court's docket - weigh in favor of dismissal. The Court granted Plaintiff until June 16, 2010, to file a Second Amended Complaint if he wished to pursue his claims. As of the date of this Report and Recommendation, Plaintiff has failed to file an amended complaint or otherwise communicate with the Court. Plaintiff's conduct hinders the Court's ability to move this case towards disposition and indicates that Plaintiff does not intend to litigate this action diligently.

        **b.    The Risk Of Prejudice To Defendant**

The third factor - prejudice to Defendants - also counsels in favor of dismissal. The prejudice to a defendant simply from the pendency of a lawsuit is insufficient, on its own, to warrant dismissal. <u>Ash v. Cvetkov</u>, 739 F.2d 493, 496 (9th Cir. 1984). The risk of prejudice, however, is related to the plaintiff's reason for defaulting. <u>Pagtalunan</u>, 291 F.3d at 642 (citing <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 991 (9th Cir. 1999)).

Plaintiff has not requested any extensions of time or offered any excuse for his failure to file a Second Amended Complaint. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. Yourish, 191 F.3d at 991-92. Here, Plaintiff has offered no excuse for failing to file an amended complaint and therefore the "prejudice" element favors dismissal.

### c.   Less Drastic Alternatives

The fourth factor - the availability of less drastic sanctions - ordinarily counsels against dismissal. The Court has, however, attempted to avoid outright dismissal by giving Plaintiff an opportunity to file a Second Amended Complaint. The Court has, therefore, explored meaningful alternatives to dismissal. See Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." (citation omitted)). Sanctions other than dismissal do not appear to be appropriate given that Plaintiff has failed to participate in his own litigation.

### d.   Public Policy Favoring Disposition On The Merits

The fifth factor - public policy favoring disposition of cases on their merits - also ordinarily weighs against dismissal. Notwithstanding this policy, it is the responsibility of the moving party to move toward that disposition at a reasonable pace and to refrain from dilatory and evasive tactics. Morris v. Morgan Stanley &

6

Co., 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not discharged this responsibility despite having ample time.  Under these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to file an amended complaint in the given time frame.

**2.   Dismissal Of This Action Is Warranted**

In view of the foregoing, the Court concludes that dismissal of Plaintiff's action is warranted under Rule 41(b), which states in pertinent part:

> [A] dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

This case does not fall into one of these three exceptions and, consequently, the dismissal will operate as an adjudication on the merits and thus will be with prejudice to Plaintiff's refiling of a new action in federal court based on the same allegations. Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (dismissal interpreted as an adjudication on the merits unless one of the Rule 41(b) exceptions applies); Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001) (dismissal for failure to prosecute is treated as an adjudication on the merits (citing United States v. Schimmels (In re Schimmels), 127 F.3d 875, 884 (9th Cir. 1997))).

In sum, Plaintiff was advised in the May 17, 2010 Order about the possibility of dismissal with prejudice in the event of a failure to file a Second Amended Complaint, and will be given further notice by service of this Report and Recommendation. Plaintiff will have the opportunity to file objections to this Report and Recommendation if he wishes to contest the dismissal of his action.

## IV.

## RECOMMENDATION

IT IS RECOMMENDED that the District Court issue an Order (1) accepting and adopting this Report and Recommendation and (2) directing that Judgment be entered dismissing this action with prejudice for failure to prosecute and obey court orders.

DATED: June 30, 2010.

\_\_\_\_\_/S/_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in Local Civil Rule 72 and review by the District Judge whose initials appear in the docket number.  No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.